UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMANUEL CHRISTIAN PRICE,<br><br>   Plaintiff,<br><br>   v.<br><br>Z. IGBAL, et al.,<br><br>   Defendants. | No. 2: 20-cv-1439 TLN KJN P<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, proceeds without counsel and with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g). (ECF No. 25.) For the reasons stated herein, the undersigned recommends that defendants' motion be denied.

Background

This action proceeds on plaintiff's July 17, 2020 complaint alleging that while he was housed at High Desert State Prison, defendants were deliberately indifferent to plaintiff's serious medical needs by refusing to continue his prescription of gabapentin, which he was previously prescribed for two years for his neuropathic pain resulting from chemotherapy treatment, and after the failure of numerous alternative pain medications. (ECF No. 1.) Plaintiff's complaint was filed while he was housed at California State Prison, Los Angeles. (ECF No. 1 at 1.)

////

1

In addition to their motion to revoke, defendants filed a request for judicial notice. (ECF No. 25-2.) Following the filing of defendants' motion to revoke, plaintiff was granted an extension of time to file an opposition, which he filed on April 5, 2021. (ECF No. 28.) On April 8, 2021, defendants filed a reply. (ECF No. 29.) On April 9, 2021, plaintiff filed a request for judicial notice. (ECF No. 30.)

Requests for Judicial Notice

Defendants ask the court to take judicial notice of plaintiff's court filings. A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted). Defendants' request is granted.

On the other hand, plaintiff asks the court to take judicial notice of a document: CDCR Patient Education Notes on "Peripheral Neuropathy." (ECF No. 30 at 1.) Plaintiff cites no authority to support his request, but contends the document "could give the Court a better understanding of plaintiff's imminent danger claim." (Id.)

In Lolli v. County of Orange, 351 F.3d 410 (9th Cir. 2003), the Ninth Circuit took judicial notice of the facts that diabetes is a serious medical condition that can produce harmful consequences. These are general medical facts that are not subject to reasonable dispute. Similarly, in the present case, this court can take judicial notice of facts describing peripheral neuropathy which support plaintiff's claim that peripheral neuropathy is a serious medical need. This court cannot, however, take judicial notice of the symptoms or treatment contained therein, because different people have different symptoms, and the treatment for such condition is disputed in this action. This court may not take judicial notice of a fact that is in dispute. Therefore, plaintiff's request for judicial notice is partially granted, solely as to the fact that peripheral neuropathy constitutes a serious medical need. (ECF No. 30.)

Governing Standards

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who

submits an affidavit indicating that the person is unable to pay such fees. However, a prisoner may not proceed in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Such rule, known as the "three strikes rule," was "designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532, 535 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

Discussion

In the motion to revoke, defendants argue that plaintiff had at least three prior actions dismissed because they failed to state a claim, or were frivolous or malicious. Indeed, as noted by defendants, plaintiff admits in his complaint that before he filed the instant action he sustained at least three strikes under 28 U.S.C. § 1915(g). (ECF No. 1 at 11.) The Court of Appeals for the Ninth Circuit has twice deemed plaintiff a three strikes litigant: Price v. Wright, No. 18-16682 (9th Cir. Dec. 19, 2018), and Price v. Lamb, No. 18-16681 (9th Cir. Dec. 20, 2018) (ECF No. 25-2 at 4).

In addition to these two appellate cases, defendants identify the following three cases that constitute § 1915(g) strikes:

1. Price v. San Diego County Jail, No. 3:16-cv-0668 (S.D. Cal. Aug. 1, 2016), dismissed for failure to state a claim (ECF No. 25-2 at 20);

3

2. <u>Price v. Scott</u>, No. 3:16-cv-0411 (S.D. Cal. Feb. 28, 2017), dismissed for failure to state a claim (ECF No. 25-2 at 32); and

3. <u>Price v. Scott</u>, No. 17-55336 (9th Cir. June 14, 2017), dismissed as frivolous (ECF No. 25-2 at 37).

Thus, because defendants demonstrated, and plaintiff concedes, that plaintiff sustained at least three strikes under 28 U.S.C. § 1915(g), plaintiff may not proceed in forma pauperis in this action unless plaintiff demonstrates that at the time he filed the instant action, he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

<u>Imminent Danger</u>

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007). Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See <u>Williams v. Paramo</u>, 775 F.3d 1182, 1189 (9th Cir. 2015); <u>Andrews</u>, 493 F.3d at 1055.

Courts have stressed that allegations of imminent danger must be supported by specific, credible allegations of harm. <u>McNeil v. United States</u>, 2006 WL 581081 (W.D. Wash. Mar. 8, 2006), by allegations showing that the danger faced is "real, proximate, and/or ongoing," <u>Andrews</u>, 493 F.3d at 1056, and by allegations that are not speculative, <u>Brown v. Newsom</u>, 2019 WL 2387762, at *1 (E.D. Cal. June 6, 2019). Plaintiff must have shown that he faced a "genuine emergency" and "time [was] pressing." <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff declares that at the time he filed the instant action, he was experiencing untreated neuropathic pain and mobility issues due to neuropathy which he fears will cause him to suffer a fall which could cause serious injury. He also suffers severe tingling burning and numbness in his hands and feet that make walking and writing difficult and at times lead to loss of balance when walking or the inability to grip things with his hands. (ECF No. 28 at 7.) Plaintiff states he "may be required to walk up steps or climb to a top bunk . . . and be seriously injured." (ECF No.

4

28 at 6.) Plaintiff claims that he is still not being treated for neuropathy as Nurse Practitioner Kehinde only offered medications plaintiff previously tried but were ineffective.

Taking plaintiff's allegations as true, plaintiff plausibly alleges that he was under imminent danger of serious physical injury at the time he filed his complaint, and that such risk is ongoing. Plaintiff suffers neuropathic pain, severe tingling, burning and numbness in his hands and feet that make walking difficult, and make him susceptible to falling. Despite being prescribed Gabapentin by doctors at three previous prisons, where such drug was demonstrated to be effective, plaintiff alleges defendant Dr. Iqbal tapered plaintiff off Gabapentin solely based on an April 18, 2019 memo by David Ralston, M.D., Chair of the Systemwide Pharmacy and Therapeutics Committee, which urged health care providers to limit the prescription of Gabapentin to the FDA approved uses, as clinically appropriate. (ECF No. 1 at 6.) Plaintiff asserts that Dr. Iqbal discontinued plaintiff's Gabapentin prescription solely because it was nonformulary. (ECF No. 1 at 27.) Plaintiff notes that doctor at other prisons did not cut off plaintiff's prescription to Gabapentin based on such memo. In addition, plaintiff alleges that the alternative medications defendants offered were previously tried but found to be ineffective.

Plaintiff's allegation that he suffers untreated neuropathic pain and is at risk of falling is sufficient to support an inference of imminent danger of serious physical jury. See Womack v. H. Tate, 2020 WL 2020 WL 3799205 (9th Cir. May 19, 2020) ("the district court improperly denied appellant's request to proceed in forma pauperis because appellant made plausible allegations that he was "under imminent danger of serious physical injury" at the time he lodged the complaint, 28 U.S.C. § 1915(g), including that appellant was in excruciating pain and that defendants had discontinued appellant's pain medication and mobility vest ordered by a doctor at the facility where appellant was previously housed.")

Therefore, plaintiff meets the imminent danger exception described in 28 U.S.C. § 1915(g), and may proceed in forma pauperis. Respondent's motion should be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request for judicial notice (ECF No. 25-2) is granted; and

2. Plaintiff's request for judicial notice (ECF No. 30) is partially granted.

Further, IT IS RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 25) be denied; and

2. Defendants Rueter, Iqbal and Gates be directed to file a responsive pleading within twenty-one days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 9, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/pric1439.mtd.1915