UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMANUEL C. PRICE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Z. IGBAL, et al.,<br><br>　　　　Defendants. | No.  2:20-cv-1439 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.

Pending Motion to Dismiss

First, plaintiff claims that he still has not received a copy of defendants' motion to dismiss. (ECF No. 47.) However, on October 6, 2021, plaintiff filed an opposition to the motion to dismiss. (ECF No. 45.) In his opposition, plaintiff claims that despite his nonreceipt of the motion to dismiss, he would attempt to oppose the motion.

On September 20, 2021, defendants filed a motion to dismiss, accompanied by a declaration of service by U.S. Mail attesting to service of the motion on plaintiff at his address of record. In their reply, defendants argue that plaintiff's declaration that he did not receive the motion is insufficient to rebut the presumption of receipt. (ECF No. 47 at 23.)

Pursuant to Local Rule 182(f), service of documents at the record address of the party is

fully effective. That said, plaintiff, who proceeds pro se, is unable to properly oppose the motion unless he receives the motion. Therefore, the Clerk is directed to serve a copy of the motion on plaintiff. Plaintiff is granted twenty-one days from the date of this order to file an opposition to the motion.

Motion for Appointment of Counsel

Plaintiff also requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff insists that he will require the testimony of an expert witness. However, in light of the pending motion to dismiss, plaintiff's request is premature. At this stage of the proceedings, it is unclear whether plaintiff is likely to succeed on the merits.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Plaintiff's Motion for Summary Judgment

On September 16, 2021, plaintiff filed a motion for summary judgment.

Rule 56 of the Federal Rules of Civil Procedure provides that unless a different time is set by court order or local rule, a party may file a motion for summary judgment at any time. Id. But Rule 56 also allows the court, as it finds just, to issue an order denying the motion or granting a

continuance for the opposing party to pursue discovery.  Id.

Here, plaintiff's motion is premature because defendants have not filed an answer, discovery has not yet begun, and the court has not issued a discovery and scheduling order.  See Moore v. Hubbard, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009) (denying prisoner's summary judgment as premature).  At this stage of the proceedings, defendants have not had an opportunity to discover facts required to draft a substantive opposition.  Further, as discussed above, defendants' properly-filed motion to dismiss is presently pending.  Thus, plaintiff's motion is denied without prejudice to renewal once discovery has closed.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to serve a copy of the motion to dismiss (ECF No. 39) on plaintiff;

2. Plaintiff is granted twenty-one days from the date of this order to file an opposition to the motion to dismiss;

3. Plaintiff's motion for the appointment of counsel (ECF No. 36) is denied without prejudice; and

4. Plaintiff's motion (ECF No. 37) is denied without prejudice.

Dated:  November 22, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/pric1439.31+

---

[1] Defendants correctly point out that plaintiff also failed to comply with the procedural requirements necessary to file a motion for summary judgment.  (ECF No. 42 at 3-4, citing E.D. Cal. Local Rule 260(a).)  See also Fed. R. Civ. P. 56(c).  In addition, plaintiff attempted to support his motion (ECF No. 37) piecemeal, by subsequently filing documents in support (ECF Nos 40, 41, 43, 44).  Plaintiff is cautioned that Local Rule 230(l) contemplates the filing of a motion, an opposition, and a reply.  Thus, when filing a motion, plaintiff must file all of his supporting documents with his motion.  Then, following the filing of an opposition, plaintiff may file one reply.  L.R. 230(l).